IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY - 4 2010

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| SANDRA CANO & MAYRA CANO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:09-121 |
| | § | |
| PENINSULA ISLAND RESORT & SPA, LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER*

BE IT REMEMBERED, that on October 29, 2009, the Court considered Plaintiff's Motion to Remand, Dkt. No. 8, and Defendant's Motion to Dismiss, Dkt. No. 4, as well as the parties' briefing in response to this Court's August 10, 2009 Order requiring them to brief the issue of the amount in controversy in this case.

### I. Background

Defendant Peninsula Island Resort & Spa, LLC. ("Peninsula Island") sells time-shares in its resort on South Padre Island in Cameron County, Texas. See Dkt. No. 5 at 2. On May 30, 2007, Plaintiffs Sandra and Mayra Cano signed a Spanish-language contract with Peninsula Island to purchase two time-shares. Id.; Dkt. No. 4 Ex. A-B. According to Plaintiffs, Peninsula Island initially produced an English-language version of this contract, but they were given a Spanish-language translation of the contract after they explained that "they did not understand what they were signing." Dkt. No. 5 at 12. Plaintiffs are "from Rio Bravo, Tamaulipas, Mexico."[1] Dkt. No. 6 at 1.

On December 11, 2008, Plaintiffs filed suit against Peninsula Island in Cameron County Court at Law No. 2. Dkt. No. 1 at 1. Plaintiffs sought relief for breach of contract, conversion, civil theft, fraud and money had and received. See Dkt. No. 2 Ex. at 3-5. On January 6, 2009, Plaintiffs sent a demand letter to Peninsula Island under

---

* This Opinion and Order is being issued Nunc Pro Tunc to correct scrivener's error in the original. Dkt. No. 21.

[1] The pleadings do not clearly disclose whether Plaintiffs are citizens and residents of Mexico. As neither party has raised the issue, the Court will assume without deciding that they are.

the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.*

According to Plaintiffs' Amended Complaint, Dkt. No. 5, with the exception of one night, they have never been able to make use of their time-shares. *Id.* at 4. Plaintiffs allege that they were told when they purchased the time-shares on May 30, 2007, that they would be permitted to stay any one week of the year at Peninsula Island's resort. *See id.* They would also be able to stay "twelve weeks at any time of the year, as they pleased, anywhere in the world." *Id.* at 3. However, whenever Plaintiffs called to make a reservation, they were told that Peninsula Island had no rooms available. Plaintiff Mayra Cano was able to reserve one night on July 13, 2007, according to the Amended Complaint. *See id.* at 4. However, she claims that she was asked to pay an additional $1,160 fee to stay a week and was then evicted and "sent to the Howard Johnson down the street" the next day. *Id.*

On May 11, 2009, Peninsula Island removed this case to federal court. Dkt. No. 1. Plaintiffs filed their Motion to Remand on June 12, 2009. Dkt. No. 8. In that motion, they argued that Peninsula Island was a citizen of the State of Texas and that removal was improper under 28 U.S.C. § 1441(b).

Meanwhile, on June 3, 2009, Defendant filed a motion to dismiss this case under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Dkt. No. 4 at 1. It argues that a forum-selection clause in the contract signed by Plaintiffs on May 30, 2007, bars litigation of this case. *See id.* at 1-2.

The parties have also submitted briefs in response to the Court's Order of August 10, 2009. Dkt. No. 13. This Order instructed the parties "to brief the jurisdictional amount in controversy issue in this case." *Id.* at 1. It noted that the monetary figures alleged in Plaintiffs' June 12, 2009 Amended Complaint, Dkt. Nos. 5-6, totaled $52,660. Dkt. No. 13 at 1. In response, Defendant argues that Plaintiffs' complaint includes a cause of action for treble damages under the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* Dkt. No. 10 at 2. Tripling damages of at least Sandra Cano's claim would exceed the $75,000 threshold. 28 U.S.C. § 1332(a) (2006).

II.   **Motion to Remand**

Defendant removed this case to federal court on May 11, 2009. Dkt. No. 1 at 1. On June 12, 2009, Plaintiffs filed their Motion to Remand. Dkt. No. 8. Plaintiffs seek to remand this case based on the forum-defendant rule of 28 U.S.C. § 1441(b).[2] The forum-defendant rule permits removal of diversity actions such as this one "only if none of the parties in interest properly joined and served as defendant is a citizen of the state in which the action is brought." *Id.* Since Peninsula Island has its principle place of business in Cameron County, Texas, Dkt. No. 6 at 2, and this suit was filed in Texas state court, this rule would ordinarily require remand.

Plaintiffs, however, have waived this argument by filing their Motion to Remand late. Dkt. No. 8. Section 1447(c) of Title 28 of the United States Code provides that "[a] motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under Section 1446." *Id.* § 1447(c). The Motion to Remand in this case was filed 32 days after the Notice of Removal. *Compare* Dkt. No. 1 (May 11, 2009) *with* Dkt. No. 8 (June 12, 2009).

The Fifth Circuit has repeatedly held that the forum-defendant rule Plaintiffs seek to invoke is procedural, not jurisdictional. *E.g.*, In re. Exxon Chem. Fire, 558 F.3d 378, 392-93 (5th Cir. 2009); In re Shell Oil Co., 932 F.2d 1518 (5th Cir. 1991). Plaintiffs therefore cannot invoke the forum-defendant rule in this case, and remand is improper on this ground.

## III. Subject Matter Jurisdiction

This Court has original jurisdiction over actions between citizens of a foreign state and citizens of the United States "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (2006). Plaintiffs may not aggregate their otherwise insufficient claims to satisfy this requirement; each one must satisfy it individually. Clark v. Paul Gray, Inc., 306 U.S. 583, 590 (1939). However, punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy *See* Gene & Gene LLC

---

[2] In their Joint Discovery and Case Management Plan, Plaintiffs state that the Court lacks subject matter jurisdiction over this action because defendant is "local." Dkt. No. 11 at 2. The Court construes this as a repetition of Defendant's remand arguments and not as a separate challenge to its subject matter jurisdiction. This is, of course, a diversity action between citizens of the United States and citizens of a foreign state over which this Court would ordinarily have jurisdiction. *See* 28 U.S.C. § 1332(a)(2) (2006).

3

v. BioPay LLC, 541 F.3d 318, 324-25 (5th Cir. 2008); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250 (5th Cir.1998).

The party seeking to invoke this Court's subject matter jurisdiction must prove by a preponderance of the evidence that the amount in controversy is greater than or equal to the jurisdictional amount. *Greenberg*, 134 F.3d at 1253. If the amount in controversy is not facially apparent from the complaint, the Court may look to "summary judgment-type" evidence to make its determination. *Id.* (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995)). In this case, the state court petition makes no specific allegation of damages. See Dkt. No. 2 at 5.

The Court begins by inspecting Plaintiff's Amended Complaint, Dkt. No. 6, in this Court to determine if it facially meets the amount in controversy requirement. In their Amended Complaint, Plaintiffs each plead damages that fall short of the $75,000 threshold. Plaintiff Sandra Cano has paid $32,500 for the full value of her time-share. Dkt. No. 6 at 3. Plaintiff Mayra Cano has spent "close to $19,000" for almost 75% of her time-share. *Id.* at 4. These amounts do not meet the jurisdictional threshold by themselves.

Defendant points out, however, that Plaintiffs allege several violations of the Texas Deceptive Trade Practices-Consumer Protection Act (TDTPA), Tex. Bus. & Com. Code § 17.41 *et seq.*, which permits trebling of damages. *Id.* § 17.50(b)(1); *see also* Dkt. No. 5 at 6-10. The Court may add treble damages pled under the TDPTA to its calculation of the amount in controversy. Dow Agrosciences LLC v. Bates, 332 F.3d 323, 326 (5th Cir. 2003). Trebling her damages claim exhaults Sandra Cano's $32,000 claim above the jurisdictional amount in controversy, but Sandra Cano's $19,000 claim still falls short of the $75,000 minimum. 28 U.S.C. § 1332(a) (2006).

However, this court has broad authority to exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy." 28 U.S.C. § 1367(a) (2006). In other words, the supplemental claims must derive from "a common nucleus of operative fact."[3] Bluefield Water Ass'n, Inc. v. City of Starkville, 577 F.3d 250, 254

---

[3] Plaintiffs ask this Court to apply the aggregation test in *Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973). *Zahn*, however, involved the aggregation of individual claims in a class action, not supplemental state law claims. *See id.* at 292-93. Moreover, 28 U.S.C. § 1367's enactment in 1990 substantially broadened the scope of supplemental jurisdiction and has overruled *Zahn*. Exxon Mobil Corp. v. Allapattah Servs., Inc.,

4

(5th Cir. 2009) (citations omitted). Plaintiff Mayra Cano asserts causes of action that are identical to those asserted by Plaintiff Sandra Cano. *See* Dkt. Nos. 5-6 (identical complaints). Their claims both concern identical contracts signed on the same day and the same conduct of Peninsula Island officials on that day. *Id.* at 2-3. Although Mayra Cano alleges that she made a reservation in June and July of 2007, *see id.* at 4, those reservations and Peninsula Island's alleged subsequent conduct are not part of a separate cause of action applicable only to Mayra Cano.

The Court therefore finds that Defendant has met its burden to show that Sandra Cano's damages allegations meet or exceed the amount in controversy requirement. The Court further finds that Plaintiffs' claims derive from a common nucleus of operative fact and that an exercise of supplemental jurisdiction over Mayra Cano's claims is appropriate in this case. *See* 28 U.S.C. § 1367(a) (2006); *Bluefield Water Ass'n*, 577 F.3d at 254.

## IV. Motion to Dismiss

The time-share contract Plaintiffs allegedly signed on May 30, 2007, contains a forum selection clause that makes Mexico the exclusive jurisdiction for disputes concerning it. *See* Dkt. No. 4 Aff. Ex. C at 9. Peninsula Island asks the Court to enforce this clause and dismiss this action. Dkt. No. 4. Plaintiffs respond that their assent to this clause was procured by fraud and that, in any case, enforcing the forum selection clause would be unfair and violate public policy. Dkt. No. 10 at 15.

To be enforceable, the language of a forum selection clause must "go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004). Clause 18 of the English translation of the May 30, 2007 contract proffered by Defendant is set forth below.[4]

> For the purpose of the interpretation, performance and enforcement of the terms of this contract, the **USER** and the **Provider** agree to appear before the (Consumer Protection

---

545 U.S. 546, 554-59, 565 (2005) (concluding that "[w]hen the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim.").

[4] Plaintiffs have not raised any challenge to the accuracy or completeness of the original contract submitted by Defendant or its translation. *See Portillo Gallo v. Quest Diagnostic, Inc.*, No. EP-04-CA-257-DB, 2005 WL 1009592 at *2 n.3 (W.D. Tex. Mar. 29, 2005).

> Agency) to annul and declare void any controversy derived from this contract, the parties shall be subject to its conciliatory environment and competent jurisdiction and to the administrative process, and this shall not be construed as express or implied submission by the **Provider** or the **USER** to arbitration by said authority. Likewise, the parties are subject expressly to the courts of competent jurisdiction located in the City of Saltillo, Coahuila de Zaragoza, Mexico, thereby expressly renouncing any other jurisdiction that they may have now or attain in the future by virtue of their present or future domiciles, or for any other reason.

Dkt. No. 4 Aff. Ex. C at 9. The first sentence of this clause uses language that demonstrates only consent to appear before the Mexican Consumer Protection Agency[5] and to be subject to that agency's jurisdiction. *Id.* Plaintiffs argue conclusorily that the language of the second sentence is permissive. *See* Dkt. No. 10 at 18. Although the grammar of this sentence could be improved, the sentence unambiguously "renounces" jurisdiction in courts other than the chosen forum.[6]

Forum selection clauses are prima facie valid and enforceable. In re. Int'l Profit Ass'n, Inc., 274 S.W.3d 672, 675 (Tex. 2009) (citations omitted); Goodman Co., L.P. v. A & H Supply, Inc., 396 F. Supp. 2d 766, 773-74 (S.D. Tex. 2005) (quoting Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995)). The party seeking to avoid enforcement of a forum selection clause has a "heavy burden" to make a clear showing that either "(1) the clause is invalid for reasons of fraud or overreaching, (2) enforcement would be unreasonable or unjust, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum

---

[5] The Spanish-language version of this sentence proffered by Defendant reads:
> Para los efectos de interpretación y cumplimiento de lo pactado en este Reglamento, el Usuario puede acudir ante la Procuraduría Federal del Consumidor para dirimir cualquier controversia conciliadora sin que ello implique sumisión expresa o tácita por parte de PENINSULA ISLAND RESORT & SPA LLC, al arbitraje de esa autoridad. Asimismo, las partes se someten expresamente los tribunals competentes ubicados en la Ciudad de Saltillo Coahuila de Zaragoza, México, renunciando expresamente a cualquier otro fuero que tengan o llegaren a adquirir en virtud de su domicilio actual o futuro o por cualquiera otra razón.

Dkt. No. 10 Ex. 3 at 23.

[6] Plaintiffs style two of their arguments as arguments that the clause is permissive. *See* Dkt. No. 10 at 17-18. However, these arguments repeat without elaboration Plaintiffs' earlier arguments concerning fraud, overreaching, and unfairness. *See id.* The Court addresses these arguments *infra*.

would be seriously inconvenient for trial." *Int'l Profit Ass'n*, 274 S.W.3d at 675 (quoting In re. Lyon Fin. Servs., Inc., 257 S.W.3d 228, 232 (Tex. 2008)).

Plaintiffs imply that their assent to this forum selection clause was procured by fraud or overreaching. *See* Dkt. No. 10 at 15-16. Construed most favorably to Plaintiffs, their argument can be characterized as implying that the original English-language contract shown to them did not include a forum selection clause while the Spanish-language contract they ultimately signed did. *See id.* At the same time, however, Plaintiffs inform the Court that "[t]he only reason Plaintiffs signed a Spanish contract was because [sic] they are not proficient in English." *Id.* at 16. Even if Plaintiffs were not informed specifically of the forum selection clause, they concede that they were given an opportunity to read the contract they signed in their native language. Failure to notify a party of the existence of a forum selection clause or its consequences does not suffice to demonstrate fraud or overreaching. *Int'l Profit Ass'n*, 274 S.W.3d at 679.

Plaintiffs next argue that enforcing the forum selection clause would be unreasonable and unjust because they would effectively be deprived of a remedy in Mexico.[7] Dkt. No. 10 at 15-16. A court may refuse to enforce a forum selection clause when doing so would deprive a party to the contract of a remedy or "its day in court." *Int'l Profit Ass'n*, 274 S.W.3d at 675 (citing In re Lyon Fin. Servs., Inc., 257 S.W.3d 228, 234 (Tex. 2008) (per curiam)). Unless the parties agree to litigate their dispute in a remote forum that is alien to both of them, inconvenience to the parties and witnesses as a result of travel does not diminish this burden. In re AIU Ins. Co., 148 S.W.3d 109, 113-14 (Tex. 2004) (citing The Bremen v. Zapata Off-shore Co., 407 U.S. 1, 2 (1972)); *see also Int'l Profit Ass'n*, 274 S.W.3d at 679. Nor does a party's averment that it does not have the "financial or logistical ability to pursue its claims" in the remote forum. In re Lyon Fin. Servs., Inc., 257 S.W.3d 228, 233 (Tex. 2008).

---

[7] Plaintiffs reprise this argument under the guise of a public policy argument to vindicate what they call Texas' "strong public policy . . . to protect consumers from deceptive trade practices and time share fraud." Dkt. No. 10 at 16. The Court cannot accept a blanket proposition that it must invalidate parties' decisions to submit themselves to their chosen forum simply because the law of the chosen forum "imposes a lower standard of care or relief than domestic law." Calix-Chacon v. Global Int'l. Marine, Inc., 493 F.3d 507, 514 (5th Cir. 2007).

To meet their burden, Plaintiffs attach the affidavit of Roberto Carlos Rodriguez, a trial lawyer licensed to practice law in Mexico since 1998. Dkt. No. 10 Ex. M at 1. Mr. Rodriguez explains that no person could prosecute a suit against Peninsula Island to enforce the time-share contract in the chosen Mexican court. See id. at 2-4. He summarizes his conclusions this way:

> . . . I have reviewed two contracts that have as 'seller' an entity that is not a legal entity in Mexico because it does not meet the requirements of a Mexican business association, therefore, any business acts performed are invalid, void and with no effects. Those contracts are only signed by Plaintiffs. The Civil Code of the State of Coahuila de Zaragoza requires that when a contract is in writing, then , all interested parties must signed [sic] such contract and its related documents.

Id. at 4-5. The contract Peninsula Island asks this Court to enforce has not been countersigned by a Peninsula Island representative. See Dkt. No. 10 Aff. Ex. C at p. 7, 14 (both contracts). Thus, Plaintiffs argue that if the Court were to enforce the forum selection clause in this case, it would be enforcing a provision that would permit Peninsula Island to breach its time-share agreements and leave all of its customers with no remedy whatsoever.

This affidavit does not meet Plaintiffs' "heavy burden" to show that enforcement of the forum selection clause would effectively "deprive" them of their day in court. *The Bremen*, 407 U.S. at 2; *Int'l Profit Ass'n*, 274 S.W.3d at 672. The first sentence of the forum selection clause in question submits disputes concerning "the interpretation, performance, and enforcement of the terms of this contract" to the jurisdiction of the Consumer Protection Agency's administrative processes. Dkt. No. 10 Aff. Ex. C at 9. The contract therefore provides Plaintiffs with a means of enforcing its substantive provisions even if no Mexican court would permit Plaintiffs to sue Defendant.[8] Moreover, the need for a signature depends on the classification of a contract and relevant recording requirements under Mexican law. See Rona R. Mears, *Contracting in Mexico: A Legal and Practical Guide to negotiating and Drafting*, 24 ST. MARY'S L.J.

---

[8] While the Rodriguez affidavit alleges that the contract is not valid under Mexican law because Peninsula Island is not a business entity and thus not amenable to suit, it makes no reference whatsoever to the first sentence of the forum selection clause. See Ex. M at 3.

737, 747 (1993). In fact, Mexican law requires some contracts to be in writing but does not require those contracts to be signed. *See id.* The Rodriguez affidavit states that Mexican law requires a signature to validate any written "legal act, like a contract." Dkt. No. 10 Ex. M at 3. The Court believes that this apparent conflict between the affidavit and the statements of Mexican contract law found in scholarly publications at least shows that Plaintiffs have not met their burden to persuade the Court that they have no remedy under Mexican law.

The Court therefore finds that enforcement of the forum selection clause in this case is reasonable, consistent with the public policy of Texas and will not deprive Plaintiffs of a remedy or their day in court.

## V.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. Dkt. No. 8. Further, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. No. 4. This case is hereby **DISMISSED**, and the District Clerk is **ORDERED** to close this case.

DONE at Brownsville, Texas, on May 4, 2010, *Nunc Pro Tunc* to October 29, 2009.

Hilda G. Tagle
United States District Judge